PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| URE MEZU-CHUKWU, | ) | CASE NO. 4:24-CV-02213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MERCY HEALTH PHYSICIANS | ) | **MEMORANDUM OF** |
| YOUNGSTOWN, LLC *et al.*, | ) | **OPINION AND ORDER** |
| | ) | [Resolving ECF No. 8] |
| Defendants. | ) | |

The Court considers Defendants' Motion for Judgment on the Pleadings (ECF No. 8) under Federal Rule of Civil Procedure 12(c). The Motion is fully briefed and, for the reasons herein, granted. *See* ECF Nos. 8, 9, 10.

### I. BACKGROUND

**A. Facts**

Plaintiff Dr. Ure Mezu-Chukwu is a Nigerian national and naturalized citizen of the United States. *See* ECF No. 1 at PageID #: 4, ¶ 17. She is a medical doctor and board-certified in cardiology and electrophysiology. *See* ECF No. 1 at PageID #: 4, ¶ 18. She began working as a cardiac electrophysiologist at Defendant Mercy Health Physicians Youngstown, LLC—a subsidiary of Defendant Bon Secours Mercy Health, Inc.—on December 30, 2019 under a three-year contract. *See* ECF No. 1 at PageID #: 4, ¶ 20. Following an unexpected medical diagnosis, she took an approved leave of absence from Defendants on March 8, 2022. *See* ECF No. 1 at PageID #: 4, ¶ 42. Her leave was later extended, and she returned to work on September 5, 2022. *See* ECF No. 1 at PageID #: 4, ¶ 43–44. Shortly thereafter, she began experiencing spells of

(4:24-CV-02213)

acute dizziness, prompting another approved leave beginning on October 7, 2022. *See* ECF No. 1 at PageID #: 4, ¶ 46. During both absences, Plaintiff received a text message from her manager, Kurt Williams, inquiring when she planned to return to the hospital. *See* ECF No. 1 at PageID #: 10, ¶ 47. When she finally returned to work, she was notified that her contract—set to expire on December 31, 2022—would not be renewed. *See* ECF No. 1 at PageID #: 12, ¶ 57. Her employment with Defendants ended thereafter. *See* ECF No. 13 at PageID #: 13, ¶ 60.

### B. Proceedings

Plaintiff initiated this suit *pro se* on December 19, 2024. *See* ECF No. 1. She alleges interference and retaliation under the Family and Medical Leave Act (FMLA), *see* 28 U.S.C. §§ 2601 *et seq.*, a violation of the Equal Pay Act (EPA), *see* 29 U.S.C. § 206(d), and—construing her pleading liberally—Title VII discrimination *via* disparate treatment based on race, national origin, and sex, *see* 42 U.S.C. §§ 2000e *et seq*. *See* ECF No. 1 at Page ID ##: 14, ¶ 63–18, ¶ 91. She seeks monetary damages, declaratory judgment, and injunctive relief barring what she calls "discriminatory pay policies and practices" by Defendants. *See* ECF No. 1 at PageID #: 19. Defendants timely answered and now move for judgment on the pleadings under Fed. R. Civ P. 12(c). *See* ECF Nos. 7, 8.

## II. LAW

### A. Judgment on the Pleadings

Fed. R. Civ. P 12(c) says that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings implicates the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir. 2010). That standard requires a district court to "construe the complaint in the light most favorable to the

2

(4:24-CV-02213)

plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Shane v. Bunzl Distrib. USA, Inc.,* 200 Fed.Appx. 397, 401 (6th Cir. 2006) (citing *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir. 2001)).  To survive, a pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).  Instead, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

**B.  Family and Medical Leave Act of 1993**

    **1.  *Cause of Action***

The FMLA entitles certain employees of certain employers to take unpaid, job-protected leave for qualifying family and medical reasons.  *See* 28 U.S.C. §§ 2601 *et seq.*  It mandates the continuation of benefits under the same terms and conditions as if the employee had not taken leave.  *See* 28 U.S.C. § 2615.  Employers are prohibited from interfering with FMLA rights or retaliating against an employee for taking FMLA leave.  *See* 29 U.S.C. § 2615(a); *Russell v. CSK Auto Corp.*, 739 F. App'x 785, 788 (6th Cir. 2018).  The FMLA creates a cause of action for a plaintiff to sue an employer that violates their statutory rights.  *See* U.S.C. § 2617(a).

    **a.  *FMLA Interference***

To establish a *prima facie* claim of FMLA interference, the plaintiff must show that: (1) they were an eligible employee; (2) the defendant was an eligible employer; (3) they were entitled to leave; (4) they gave their employer notice of their intent to take leave; and (5) their employer denied them benefits to which they were entitled.  *See Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).

(4:24-CV-02213)

### b. *FMLA Retaliation*

To establish a *prima facie* claim of FMLA retaliation, the plaintiff must show that: (1) they were carrying out an FMLA-protected activity; (2) their employer knew they were exercising their FMLA rights; (3) the employer took adverse action against them; and (4) there is causality between the protected activity and the adverse action.  *See Alexander v. Kellogg USA, Inc.*, 674 F. App'x 496, 501 (6th Cir. 2017).

### 2. *Statute of Limitations*

The statute of limitations for an FMLA claim is "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought" or, if the violation was willful, "within 3 years of the date of the last event constituting the alleged violation for which such action is brought."  28 U.S.C. § 2617(c).  "A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited."  *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 352 (6th Cir. 2002) (citing *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 132–35 (1988)); *see Hoffman v. Pro. Med. Team,* 394 F.3d 414, 417 (6th Cir. 2005) (noting that "[t]o take advantage of the three-year statute of limitations, [the plaintiff] had to allege facts demonstrating that [the employer] intentionally or recklessly violated the FMLA").  Intentionality or recklessness requires more than the "bare assertion" that the employer acted willfully.  *Craddock v. FedEx Corp. Servs., Inc.*, No. 20-5655, 2021 WL 4127078, at *4 (6th Cir. Aug. 23, 2021).  Rather, the plaintiff "must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face."  *Id.* (quoting *Crugher v. Prelesnik,* 761 F.3d 610, 617 (6th Cir. 2014)).

4

(4:24-CV-02213)

**C.  Equal Pay Act of 1963**

    *1.  Cause of Action*

The EPA, codified under the Fair Labor Standards Act (FLSA), prohibits wage discrimination based on sex by mandating equal wages for equal work.  *See* 29 U.S.C. § 206(d)(1).  To establish a *prima facie* equal pay claim, the plaintiff must show that "an employer pays different wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."  *Conti v. American Axle and Mfg., Inc.,* 2009 WL 1424371, *12 (6th Cir. 2009) (citing *Corning Glass Works v. Brennan,* 417 U.S. 188, 195 (1974) (cleaned up).  "Once a plaintiff establishes a *prima facie* case of wage discrimination, the burden shifts to the defendant to prove that the difference in wages is justified by one of the affirmative defenses enumerated in 29 U.S.C. § 206(d)(1)."  *Denman v. Youngstown State Univ.,* 545 F. Supp. 2d 671, 677 (N.D. Ohio 2008) (citing *Buntin v. Breathitt County Bd. Of Educ.,* 134 F.3d 796, 799 (6th Cir. 1998)).

    *2.  Statute of Limitations*

Like the FMLA, the EPA "has a two-year limitations period, except in the case of a willful violation, which has a three-year limitations period" after the cause of action accrues.  *Wiler v. Kent State Univ.*, 637 F. Supp. 3d 480, 488 (N.D. Ohio Oct. 22, 2022).  A cause of action generally accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.  *See Archer v. Sullivan Cnty., Tenn.*, 129 F.3d 1263 (6th Cir. 1997) (quoting *Halferty v. Pulse Drug Co., Inc.,* 821 F.2d 261, 271 (5th Cir. 1987)).

5

(4:24-CV-02213)

**D. Civil Rights Act of 1964, Title VII**

    *1. Cause of Action*

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1).  A disparate treatment claim alleges that an employer violated Title VII by making an adverse employment decision that would not have been made "but for" the employee's sex.  See *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988).  To establish a *prima facie* disparate treatment claim, the plaintiff must show that: (1) they are a member of a protected class; (2) they were qualified for the job; (3) an adverse employment action was taken against them; and (4) they were replaced by someone outside the protected class, or treated differently than similarly situated yet non-protected employees.  See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Warfield v. Lebanon Corr. Inst.,* 181 F.3d 723, 728 (6th Cir. 1999);

    *2. Administrative Exhaustion*

Under Title VII, a plaintiff must exhaust their administrative remedies by filing a discrimination charge with the Equal Employment Opportunity Commission (EEOC) and obtaining a right-to-sue letter before bringing suit in federal court.  See 29 U.S.C. § 626(d)–(e); 42 U.S.C. § 2000e-5(e)–(f); *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731–32 (6th Cir. 2006).  Such a charge must be filed with the EEOC within 180 days of the alleged discrimination (or 300 days if a state or local agency enforces a law that prohibits employment discrimination on the same basis).  See *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 492-493 (6th Cir. 2018).  A plaintiff "may not file suit under Title VII" without first obtaining a right-to-sue letter from the EEOC.

6

(4:24-CV-02213)

456 (6th Cir. 1999).

### III. DISCUSSION

A. Counts I and II — FMLA

1. *Arguments*

Defendants argue that Plaintiff's FMLA interference and retaliation claims are time-barred because: (a) she filed her complaint more than two years after "the last event constituting the alleged violation"; (b) she failed to state a plausible claim of willful interference or retaliation to qualify for the three-year statute of limitations; and (c) even if she had, those claims fail on the merits.[1] *See* ECF No. 8 at Page ID ##: 55–60. Plaintiff counters that her claims are timely because "they were brought within 3 years of the last willful [FMLA] violation on December 31, 2022" (*i.e.*, the date her contract ended). *See* ECF No. 9 at PageID #: 67. She argues the text messages from her manager while on leave were statutorily willful because they were not "accidental" or "involuntary[,]" and that Defendants retaliated against her by declining to renew her contract when she returned from leave. *See* ECF Nos. 1 at PageID #: 15, ¶ 76, 9 at PageID #: 68.

2. *Analysis*

Count I and Count II are barred by the FMLA's statute of limitations. The relevant date is not when Plaintiff's contract ended, but when she first learned her contract would not be renewed. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 498–99 (6th Cir. 2001). Therefore, November 11, 2022 was the latest possible date on which Defendants could have interfered with Plaintiff's FMLA rights. She filed her complaint on December 19, 2024, more than two years

---

[1] Because the Court dismisses Counts I and II for failure to adhere to the statute of limitations, it declines to analyze them on the merits.

7

(4:24-CV-02213)

after her FMLA cause of action accrued.  See ECF No. 1.  Therefore, her FMLA claims are, at first blush, time-barred by 28 U.S.C. § 2617(c).  Yet if Plaintiff can establish that the alleged FMLA violations were willful, her FMLA retaliation and interference claims are eligible for the three-year statute of limitations (*i.e.*, remaining viable until November 11, 2025).  But because Plaintiff has not sufficiently pled a *prima facie* claim of willful interference or retaliation, her FMLA claims in Counts 1 and II are untimely by 38 days.  See 28 U.S.C. § 2617(c)(2).

The Complaint contains no facts allowing the Court to infer that Defendants knew or acted with reckless disregard when they allegedly interfered with Plaintiff's FMLA rights or retaliated against her.  Even taking Plaintiff's factual allegations as true, she does not explain how such violations were sufficiently intentional or reckless forms of actionable interference or retaliation to qualify for the expanded statute of limitations.  Plaintiff acknowledges that Defendants approved and accommodated her FMLA leave requests and extensions.  See ECF No. 1 at Page ID ##: 8–10, ¶¶ 42–46.  Her naked contention that just two text messages from her manager while on leave caused her to suffer "severe emotional distress" is insufficient under *Twombly* and *Iqbal* and fails to reconcile with the regulatory authorization of periodic inquiries as to an absent employee's status and intention to return to work.  See 29 C.F.R. § 825.311; Hoge v. Honda of Am. Mfg., 384 F.3d 238, 247 (6th Cir. 2004) ("(a)n employer may require an employee on FMLA leave to report periodically on the employee's status and intent to return to work").

Plaintiff does not plausibly allege that Defendants harassed or pressured her while on FMLA leave.  She does not establish any causality between her leave and her expired contract.  Because she offers no factual allegations beyond conclusory assertions of interference and retaliation, Counts I and II must be dismissed as time-barred.

8

(4:24-CV-02213)

**B. Count III — EPA Violation**

   *1. Arguments*

Plaintiff alleges she was not reimbursed for committee work, lectures, peer reviews, and supervisory duties performed between August 2020 and April 2021.  *See* ECF No. 1 at PageID ##: 11–12, ¶ 52.  Defendants argue that Count III is untimely because all alleged underpayments occurred in 2020 and 2021.  *See* ECF No. 8 at Page ID ##: 60–61.  Plaintiff counters that the statutory period has not run because "the last act of nonpayment occurred on December 8, 2022" and therefore the statutory period "stands afresh and ends [on] December 8, 2025."  *See* ECF No. 9 at PageID #: 71.

   *2. Analysis*

The latest instance of unequal pay Plaintiff identifies is a "Resident Lecture" from April 2021.[2]  *See* ECF No. 1 at PageID #: 11, ¶ 52.  Under the EPA, a claim accrues each time an employer issues an allegedly unequal paycheck.  *See Gandy v. Sullivan County, Tenn.*, 24 F.3d 861, 864 (6th Cir. 1994).  Accrual is tied to the date of compensation (or lack of compensation), not the date an employee later complains.  *See Miller v. U. Hosps. Health Sys.*, No. 19-3788, 2020 WL 4783553, at *2 (6th Cir. Aug. 13, 2020).  Accordingly, the latest possible accrual date for Plaintiff's EPA claim is April or May 2021, depending on when the last allegedly deficient paycheck was issued.  Regardless of the precise date or whether the alleged violation was willful,

---

[2] Plaintiff contends that she is owed tuition reimbursement for graduate studies from August 2020 to December 2021. *See* ECF No. 1 at PageID #: 12, ¶ 56. Tuition reimbursements are not "wages", and thus fall outside the EPA. *See* 29 U.S.C. § 206(d)(1)*; see also Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).  Having already generously construed the Complaint to include a Title VII cause of action as Count IV, the Court declines to manifest a state law claim for unpaid tuition reimbursements.

9

(4:24-CV-02213)

her Complaint came more than three years after the latest possible accrual. Count III is therefore subject to the EPA's statute of limitations and must be dismissed as time-barred.

C. Title VII — Count IV [3]

    1. *Argument*

Defendants argue that Plaintiff's discrimination allegations—to the extent the Court construes them as such under Title VII—cannot proceed because Plaintiff has not exhausted her administrative remedied with the EEOC and obtained a right-to-sue letter. *See* ECF No. 8 at Page ID ##: 61–62. Plaintiff does not respond to this argument. *See* ECF No. 9.

    2. *Analysis*

After construing Plaintiff's allegation of disparate treatment as a valid cause of action under Title VII, Plaintiff offers no evidence that she has exhausted her administrative remedies with the EEOC or the Ohio Civil Rights Commission, nor does she allege that she received a right-to-sue letter or attach any administrative determination (other than an irrelevant discharge ruling from the Ohio Department of Jobs and Family Services). *See* ECF Nos 1, 9 at PageID #: 70. Accordingly, to the extent Plaintiff attempts to assert claims under Title VII, she has failed to exhaust the requisite administrative remedies.

---

[3] Plaintiff does not affirmatively plead a violation of Title VII for disparate treatment based on race, national origin, or sex. Yet *pro se* filings must be "liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(f).

(4:24-CV-02213)

## IV.  CONCLUSION

For these reasons, Defendants' Motion for Judgment on the Pleadings (ECF No. 8) is granted under Fed. R. Civ. P. 12(c).  Plaintiff's FMLA causes of action (Counts I and II) and EPA cause of action (Count III) are dismissed with prejudice.

Plaintiff's Title VII claim (Count IV) is, however, dismissed without prejudice.  Plaintiff shall file the right-to-sue letter obtained from the EEOC and dated within 90 days of her December 19, 2024 Complaint.  If such a letter exists, Plaintiff shall file it in this case within fourteen days of the date of this Order.  *See* ECF No. 1.  If such a letter exists, Plaintiff is granted leave to file an amended complaint *instanter*—as to her Title VII claims *only*—by the same date verifying she has exhausted her administrative remedies with the EEOC prior to seeking relief in federal court.  If no such letter is filed within fourteen days of the issuance of this Order, Count IV shall be dismissed with prejudice.

IT IS SO ORDERED.

| | |
|---|---|
| February 27, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |